UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES EDWARD ALLEN, CDCR #D-76353,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>J. CARDENAS; RALPH M. DIAZ; W.L. MONTGOMERY; M. POLLARD; L. WOOD; M. CARRILLO,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:20-cv-0788-JAH-RBM<br><br>**ORDER:**<br><br>**1) DENYING MOTION TO INQUIRE [ ECF No. 8];**<br><br>**2) DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE CASE;**<br><br>**AND**<br><br>**3) DIRECTING CLERK OF COURT TO FILE COMPLAINT AS SECOND AMENDED COMPLAINT IN 19cv1610** |

　　　Charles Edward Allen ("Plaintiff"), a prisoner incarcerated at Calipatria State Prison located in Calipatria, California, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

/ / /

/ / /

## I. Procedural History

Plaintiff filed this civil rights complaint pursuant to 42 U.S.C. § 1983 on April 27, 2020. (*See* Compl., ECF No. 1.)  Plaintiff names Correctional Officer Cardenas, California Department of Corrections and Rehabilitation ("CDCR") Diaz, Warden Montgomery, Chief Deputy Warden Pollard, Captain Wood and Lieutenant Carrillo as Defendants.  (*Id.* at 3-4.)

The Court initially dismissed this action because Plaintiff failed to file a Motion to Proceed *In Forma Pauperis* ("IFP") or pay the initial civil filing fee.  (*See* Apr. 30, 2020 Order, ECF No. 3.)

Plaintiff later filed a "Motion [to] Inform of a Letter to Inform the Court why the Plaintiff return[ed] the document that this Court sent to the Plaintiff." (*See* Pl.'s Mot., ECF No. 5 at 1.)  Plaintiff states in this Motion that he refused mail that he had received from the Court because he believes that it was opened outside his presence.[1] (*See id.*)

Plaintiff has now filed a "Motion to [I]nquire about Legal Document that was sent back to the Court." (*See* Pl.'s Mot., ECF No. 8.)  In this Motion, Plaintiff requests that the Court "confirm/verify that the document that the plaintiff sent back to the court is the document that the court sent to the plaintiff on May 7. 2020."  (*Id.*)

## II. Plaintiff's Motion (ECF No. 8)

It is not at all clear what document the Plaintiff is referring to in his Motion. Therefore, the Court DENIES Plaintiff's Motion but will direct the Clerk of Court to provide Plaintiff with a copy of the Court's docket.  However, a review of Plaintiff's Complaint indicates that he may not have intended his Complaint to initiate a new action.

A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing

---

[1] However, Plaintiff mistakenly assumes that mail from the Court is "legal mail."  *See Kennan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) (Holding that mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail.)

*United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

Here, the Court takes judicial notice of the previous action Plaintiff filed in *Allen v. Cardenas, et al.*, S.D. Cal. Civil Case No. 3:19-cv-01610-JAH-RBB ("*Allen I*"). The facts alleged in *Allen I* involve the same set of facts against the same Defendants that are contained in this matter. (*See Id.*, ECF No. 23, Plaintiff's First Amended Complaint ("FAC").) In *Allen I,* the Court dismissed Plaintiff's FAC for failing to state a claim on April 1, 2020. (*See id.*, Apr. 1, 2020 Order, ECF No. 26.) Plaintiff was granted thirty days leave to file an amended complaint to correct the problems with his pleading as identified by the Court. (*See id.*) The Court later sua sponte granted Plaintiff an extension of time to file his amended pleading no later than July 15, 2020. (*See id.*, Apr. 27, 2020 Order, ECF No. 35.)

In the current case ("*Allen II*"), it appears that Plaintiff likely intended this to be his amended pleading in *Allen I*. However, Plaintiff did not label it as an amended pleading or provide the *Allen I* case number on the pleading and therefore, it was opened as a new case.

According, the Court will direct the Clerk of Court to close this matter and file Plaintiff's Complaint (ECF No. 1) as his Second Amended Complaint in *Allen I*. Plaintiff is cautioned that he must label all future filings in *Allen I* with the proper case number.

### III.  Conclusion and Orders

For the reasons explained, the Court:

1) **DENIES** Plaintiff's "Motion to Inquire about Legal Document" (ECF No. 8)

2) **DIRECTS** the Clerk of Court to mail Plaintiff a copy of the Court's docket

in this matter and a copy of the Court's docket in 3:19-cv-01610-JAH-RBB.

3) **DIRECTS** the Clerk of Court to file Plaintiff's Complaint (ECF No. 1) as Plaintiff's Second Amended Complaint in 3:19-cv-01610-JAH-RBB.

4) **DIRECTS** the Clerk of Court to administratively close this matter. This matter will not constitute a "strike" for 28 U.S.C. § 1915(g) purposes.

**IT IS SO ORDERED**.

Dated: June 22, 2020

Hon. John A. Houston
United States District Judge